IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DAIMLER AG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. _____ |
| AMERICAN TIRE DISTRIBUTORS | ) | |
| HOLDINGS, INC., AMERICAN TIRE | ) | |
| DISTRIBUTORS, INC., and DOES 1- | ) | |
| 10, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

COMES NOW, Plaintiff DAIMLER AG ("Daimler"), to hereby file its Complaint for Damages and Declaratory Relief ("Complaint") against Defendants AMERICAN TIRE DISTRIBUTORS HOLDINGS, INC. ("ATDH"), AMERICAN TIRE DISTRIBUTORS, INC. ("ATDI") (the foregoing defendants collectively referred to as "ATD"), and DOES 1–10, inclusive (all defendant parties referred collectively to herein as the "Defendants"), and in support thereof states as follows:

## NATURE OF THE ACTION

1.       This is a civil action for design patent infringement, federal trademark infringement, and unfair competition and related claims under federal and North Carolina state law resulting from: (i) Defendants' reproduction, manufacture, offer for sale, sale and distribution of wheels which blatantly copy issued design patents in various distinctive and artistic wheel designs owned by Daimler, and (ii) Defendants' use of the Daimler trademarks on third party retailers' website to advertise, offer for sale, and/or sell wheels which are not authorized or sold by Daimler.

2.    Daimler's claims arise under the United States Trademark Act (Lanham Act of 1946), 15 U.S.C. § 1051 *et seq.* and the United States Patent Act, 35 U.S.C. §§ 1 *et seq.*  As a result of Defendant's acts complained of herein, Daimler seeks permanent injunctive relief and the recovery of actual damages, Defendants' profits, trebled damages, statutory damages, costs, attorneys' fees, and other relief as more fully set forth herein.

## PARTIES

3.    Plaintiff Daimler is a German corporation having a principal place of business at Mercedesstrasse 137, 70327 Stuttgart, Germany.  Daimler is a worldwide producer of premier luxury passenger automotive vehicles and parts therefor, including wheels.  Daimler is the owner of the patents and trademarks described herein, which it administers for the benefit of Daimler's U.S. subsidiaries and non-exclusive licensees.

4.    On information and belief, Defendant American Tire Distributors, Inc. ("ATDI") is a Delaware corporation with its principal place of business at 12200 Herbert Wayne Court, Suite 150, Huntersville, North Carolina.  On information and belief, ATDI is in the business of selling automotive wheels, tires, and related parts and tools, including through online sales and through 113 distribution centers nationwide.

5.    On information and belief, Defendant American Tire Distributors Holdings, Inc. ("ATDH") is a Delaware corporation with its principal place of business at 12200 Herbert Wayne Court, Suite 150, Huntersville, North Carolina.  As set forth in ATDH's Annual Report for the fiscal year ending January 3, 2015, filed with the U.S. Securities and Exchange Commission, ATDH owns 100% of the capital stock of ATDI, "has no significant assets or operations other than its ownership of ATDI," and the operations of ATDI and its consolidated

2

subsidiaries constitute the operations of ATDH. A copy of the relevant portion of ATDH's Annual Report is attached hereto as Exhibit 1.

6. On information and belief, ATDI is an alter-ego and/or mere instrumentality of ATDH, with ATDH exercising complete control over ATDI's operations and assets, such that liability for ATDI's actions extends to ATDH.

7. Plaintiff Daimler does not know the true names of the defendants DOES 1–10, and thus names said defendants fictitiously. Defendants DOES 1–10 are entities or individuals residing and/or present in this Judicial District and therefore subject to the jurisdiction of this Court, and include, but are not limited to, principals or managing agents of the named Corporate Defendants who are dominant and active forces behind the wrongful acts complained of herein, suppliers of the Corporate Defendants and/or Individual Defendants, or other entities or individuals who are manufacturing, offering for sale, selling, and/or distributing counterfeit and other goods so as to participate in the acts of infringement alleged herein (collectively referred to herein as "DOE Defendants"). The identities of the various DOE Defendants are unknown to Plaintiff at this time. Daimler will amend this Complaint to substitute the true names of the DOE Defendants as they are discovered.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a) and (b), and 1367. This Court has supplemental jurisdiction over Plaintiff's state and common law claims pursuant to 28 U.S.C. § 1367(a).

9. This Court has personal jurisdiction over the Defendants as residents of this District, due to ATDI and ATDH (collectively "ATD") having their principal places of business

located in this judicial district. In addition, Defendants market, distribute, and/or sell infringing products through the United States, including to customers within this judicial district.

10.　　Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants are located in this judicial district.

## FACTUAL BACKGROUND

### Daimler and its Famous Brands and Products

11.　　Daimler is a world-renowned designer and manufacturer of premier luxury passenger automotive vehicles and parts therefor, including wheels. Daimler and/or its predecessors in interest have designed and manufactured vehicles since 1886, and since 1926, have produced and sold worldwide, including in the United States through its wholly-owned U.S. subsidiaries, its vehicles and related parts under the distinctive Mercedes-Benz brand. For almost 90 years, the Daimler Mercedes-Benz brand of vehicles has been and continues to be recognized worldwide, including in the United States.

12.　　The Mercedes-Benz brand stands for supreme excellence in terms of products, technology and services. In Fiscal Years 2013 and 2014 alone, Daimler's wholly owned subsidiaries sold 663,000 Mercedes Benz vehicles in the U.S.[1] In 2015, Forbes ranked the Mercedes-Benz brand 24th among the world's most valuable brands.[2]

### Daimler's Trademarks

13.　　Daimler has protected its exclusive brand, innovative designs, and cutting-edge technologies through a broad range of federal and common law trademark rights.

---

[1] https://www.daimler.com/company/business-units/mercedes-benz-cars/.
[2] http://www.forbes.com/companies/mercedes-benz/.

4

14.     For the past decade, Daimler has owned AMG, the world-famous high performance division of Mercedes-Benz, which has sold to customers under "AMG" word and "AMG" word-plus-design marks since 1967.

15.     Daimler owns federal trademark and service mark registrations across numerous categories of goods and services, including in Class 12.  In particular, Daimler owns all rights, title and interest in the below federally registered trademarks in Class 12, for which true and correct copies of the registration certificates, and any applicable renewals and/or assignment records are attached hereto as sub-parts of Exhibits 2–4:

| Mark | U.S. Reg. No. | Goods/Services in Class 12 |
| --- | --- | --- |
| ////AMG<br>(Ex. 2) | 3,305,055 | "Automobiles, passenger cars, and structural parts therefor" |
| ////AMG<br><br>(Ex. 3) | 1,807,353 | "Automobiles and structural parts therefor" |
| **AMG**<br><br>(Ex. 4) | 1,660,727 | "Automobiles and structural parts therefor" |

16.     The above-referenced registered and common law marks are hereinafter collectively referred to as the "DAIMLER Marks."

17.     Pursuant to Section 7(b) of the Lanham Act, 15 U.S.C. § 1057(b), Daimler's federal registration certificates of DAIMLER Marks are *prima facie* evidence of their validity.

18.     Pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, Daimler's mark consisting of AMG & Design (U.S. Reg. No. 1,807,353) has become incontestable.  A copy of the USPTO Trademark Status & Document Retrieval (TSDR) status page showing

5

acknowledgment of incontestability under Section 15 for U.S. Reg. No. 1,807,353, is attached hereto as Exhibit 3d.

19.     Pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, Daimler's mark consisting of the word "AMG" (U.S. Reg. No. 1,660,727) has become incontestable.  A copy of the notice acknowledging the incontestability of U.S. Reg. No. 1,660,727, is attached hereto as Exhibit 4d.

20.     Based on their incontestability, the federal registrations of the "AMG" word mark and AMG & Design mark are conclusive evidence of Daimler's exclusive rights to use them in commerce in connection with automobiles and parts thereof.

21.     To create and maintain goodwill among its customers, Daimler and its subsidiaries and/or licensees have taken substantial steps to assure that all authorized dealers and service providers using the DAIMLER Marks are of the highest quality.

22.     Daimler has expended millions of dollars in advertising across the United States in connection with the DAIMLER Marks.  As a result of Daimler's extensive use and promotion of the DAIMLER Marks, Daimler has established the DAIMLER Marks as famous and/or well-known distinctive marks among U.S. purchasers of motor vehicles and wheels as well as among the general members of the U.S. public.

23.     Daimler's use in commerce of the DAIMLER Marks started prior to any use thereof that may be claimed by Defendants.

24.     DAIMLER Marks became famous prior to any use thereof by Defendants.

25.     The DAIMLER Marks symbolize the goodwill of Daimler, and have become assets of incalculable value to Daimler.

6

## Daimler's Design Patents

26.     Through much effort and expense, Daimler and/or its predecessors in interest have created original artistic and ornamental designs exhibited in various wheels for its vehicles, which are protected by a number of design patents.  In particular, Daimler owns all rights, title and interest in the following U.S. Design patents:

| Example View Of The Claimed Design | Design Patent No. And Issue Date |
|---|---|
|  | D569,776<br>("the 'D776 Patent")<br><br>Issued<br>May 27, 2008<br><br>(Ex. 5) |
|  | D544,823<br>("the 'D823 Patent")<br><br>Issued<br>June 19, 2007<br><br>(Ex. 6) |

27.     True and correct copies of the foregoing U.S. Design Patents (collectively the "DAIMLER Patents") are attached hereto as Exhibit 5 and Exhibit 6, respectively.

7

28.     An assignment to Daimler of the applications that issued as the 'D776 Patent and the 'D823 Patent from its predecessor company, DaimlerChrysler AG, the original assignee, is recorded at Reel/Frame No. 20986/1.  Copies of the Abstracts of Title for the 'D776 Patent and the 'D823 Patents are attached hereto as <u>Exhibit 7</u> and <u>Exhibit 8</u>, respectively.

29.     Pursuant to 35 U.S.C. § 282, the DAIMLER Patents and the claims therein, are each presumed valid.

30.     Following grant of each of the DAIMLER Patents, Daimler, its subsidiaries, and/or its licensees have continuously produced and sold wheels that embody the invention claimed therein, either in conjunction with a complete vehicle or as a stand-alone product.

**Defendants' Wrongful and Infringing Conduct**

31.     As demonstrated by relevant records from the U.S. Patent and Trademark Office ("USPTO") attached hereto as <u>Exhibit 9</u>, ATDI owns and/or controls rights in the trademark "O.E. Performance."  ATD uses the brand name "O.E. Performance" in commerce in connection with goods including automotive wheels.  ATD also sells and/or distributes O.E. Performance brand products, including automotive wheels.

32.     ATD has operated and continues to operate and/or causes to operate, a website on the Internet at <u>www.atd-us.com</u> through which Defendants provide an online catalog that advertises wheels under the brand "O.E. Performance."  Defendants also provide and/or have provided a Special Order Brands catalog that advertises O.E. Performance brand wheels. Relevant pages of these catalogs (collectively "ATD catalog") are attached hereto as <u>Exhibit 10</u>.

33.     ATD has also operated, continues to operate, and/or causes to operate, the website <u>atdwheels.com</u> through which Defendants advertise and/or sell, among other brands, O.E. Performance wheels through ATD distribution centers.

8

34. The O.E. Performance wheels that are advertised and/or sold by Defendants through the ATD catalog and/or the atdwheels.com website include those that infringe the DAIMLER Patents by blatantly copying the designs claimed therein, as evidenced in Table 1 below:



| TABLE 1 | |
|---|---|
| **Defendants' Wheels/Defendants' Item Specification No./Sales Source** | **Example View Of The Claimed Design** |
| O.E. Performance 136B<br><br>ATD 2015 Wheel Collection E6.0 (p. 61)<br><br>https://www.atd-us.com/files/Wheel-Catalog-2015.pdf | FIG. 2<br><br>D544,823 |

9

| TABLE 1 | |
|---|---|
| **Defendants' Wheels/Defendants' Item Specification No./Sales Source** | **Example View Of The Claimed Design** |
|  O.E. Performance 136C<br><br>ATD 2015 Wheel Collection E6.0 (p. 61)<br><br>https://www.atd-us.com/files/Wheel-Catalog-2015.pdf | <br>FIG. 2<br><br>D544,823 |

| TABLE 1 | |
| --- | --- |
| **Defendants' Wheels/Defendants' Item Specification No./Sales Source** | **Example View Of The Claimed Design** |
|  **▶ 136H** HYPER SILVER WITH MACHINED SPOKES AND LIP 16x7.5, 17x8, 18x8,19x8.5, 19x9.5 <br><br> O.E. Performance 136H <br><br> ATD 2015 Wheel Collection E6.0 (p. 61) <br><br> https://www.atd-us.com/files/Wheel-Catalog-2015.pdf |  <br> FIG.2 <br><br> D544,823 |

11

| TABLE 1 | |
|---|---|
| **Defendants' Wheels/Defendants' Item Specification No./Sales Source** | **Example View Of The Claimed Design** |
| <br>O.E. Performance 128H<br><br>ATD 2015 Special Order Brands Catalog (p. 67)<br><br>https://www.atd-us.com/files/Wheel-Catalog-2015.pdf | <br>D569,776 |
| <br>O.E. Performance 128C<br><br>ATD Special Order Brands Catalog (p. 67)<br>https://www.atd-us.com/files/Wheel-Catalog-2015.pdf | <br>D569,776 |

35.    In addition to the advertising and/or selling the wheels described above, Defendants also manufacture and/or import into the United States, O.E. Performance brand wheels that infringe the DAIMLER Patents, which are offered for sale and/or sold to consumers through websites of various third party retailers, as shown in Table 2 below:

| TABLE 2 | |
|---|---|
| **Defendants' Wheels/Defendants' Item Specification No./Direct Webpage of Sales Source** | **Example View Of The Claimed Design** |
| <br>O.E. Performance 136B<br><br>Third party retail site:<br>http://www.tirepros.com/wheel-details?style=68273&b=_%2Fwheels-by-brand%3Fpage%3D6%26brand%5B%5D%3D228320 (Ex. 11)<br><br>Other third party retail sites:<br>https://www.customwheeloffset.com/buy-wheel-offset/136B-674435/oe-performance-136-16x75-35-custom-rims  (Ex. 12) | <br>FIG. 2<br><br>D544,823 |

13

| TABLE 2 | |
|---|---|
| **Defendants' Wheels/Defendants' Item Specification No./Direct Webpage of Sales Source** | **Example View Of The Claimed Design** |
| <br><br>O.E. Performance 136C<br><br>Third party retail site:<br><br>http://robertson-tire.com/136c-wheels-tulsa-oklahoma (Ex. 13)<br><br>Other third party retail sites:<br><br>https://www.customwheeloffset.com/buy-wheel-offset/136C-994440/oe-performance-136-19x95-40-custom-rims\ (Ex. 14)<br><br>http://4wheelonline.com/oe-performance-136c-chrome.242495.0 (Ex.15)<br><br>http://www.tirepros.com/wheel-details?style=43511&b=%2Fwheels-by-brand%3Fpage%3D6%26brand%5B%5D%3D228320 (Ex. 16) | <br>FIG. 2<br><br>D544,823 |

14

| TABLE 2 | |
|---|---|
| **Defendants' Wheels/Defendants' Item Specification No./Direct Webpage of Sales Source** | **Example View Of The Claimed Design** |
|  O.E. Performance 136H Third party seller: http://4wheelonline.com/oe-performance-136h-hyper-silver.242496.0 (Ex. 17) Other third party sellers: https://www.customwheeloffset.com/buy-wheel-offset/136H-674435/oe-performance-136-16x75-35-custom-rims (Ex. 18) https://www.customwheeloffset.com/buy-wheel-offset/136H-784435/oe-performance-136-17x8-35-custom-rims (Ex. 19) https://www.customwheeloffset.com/buy-wheel-offset/136H-884442/oe-performance-136-18x8-42-custom-rims (Ex. 20) https://www.customwheeloffset.com/buy-wheel-offset/136H-984435/oe-performance-136-19x85-35-custom-rims (Ex. 21) https://www.customwheeloffset.com/buy-wheel-offset/136H-284440/oe-performance- |  FIG. 2 D544,823 |

| TABLE 2 | |
|---|---|
| **Defendants' Wheels/Defendants' Item Specification No./Direct Webpage of Sales Source** | **Example View Of The Claimed Design** |
| 136-20x85-40-custom-rims (Ex. 22)<br><br>https://www.customwheeloffset.com/buy-wheel-offset/136H-294440/oe-performance-136-20x95-40-custom-rims (Ex. 23)<br><br>http://www.tirepros.com/wheel-details?style=61943&b=%2Fwheels-by-brand%3Fpage%3D6%26brand%5B%5D%3D228320 (Ex. 24) | |
| <br><br>O.E. Performance 128H<br><br>Third party retail site:<br>http://robertson-tire.com/128h-wheels-tulsa-oklahoma  (Ex. 25)<br><br>Other third party retail sites:<br>http://hovistire.com/128h-wheels-cortland-oh (Ex. 26)<br><br>http://lowtireprice.com/128h-wheels-michigan  (Ex. 27) | <br><br>D569,776 |

16

| TABLE 2 | |
|---|---|
| **Defendants' Wheels/Defendants' Item Specification No./Direct Webpage of Sales Source** | **Example View Of The Claimed Design** |
| <br><br>O.E. Performance 128C<br><br>Third party retail site:<br>http://robertson-tire.com/128c-wheels-tulsa-oklahoma (Ex. 28)<br><br>Other third party retail sites:<br>https://www.customwheeloffset.com/buy-wheel-offset/128C-774445/oe-performance-128-17x75-45-custom-rims (Ex. 29)<br><br>https://www.customwheeloffset.com/buy-wheel-offset/128C-884450/oe-performance-128-18x8-50-custom-rims (Ex. 30) | <br>FIG. 2<br><br>D569,776 |

36.     Printouts of the third party retailers' direct webpages listed in Table 2 are attached

hereto as Exhibits 11–30.

37.     The infringing wheels shown in Tables 1 and 2 above (O.E. Performance 136B,

O.E. Performance 136C, O.E. Performance 136H, O.E. Performance 128H, and O.E.

Performance 128C) are collectively referred herein to as the "Accused Products."

38. On September 18, 2015, Plaintiff's investigator purchased a set of four wheels listed for sale as "OE Performance 136, AMG Replica, 16 x 7.5" (the "Purchased Product") through a third party retail site (*see* Ex. 12) for a total cost of $566.60. A copy of the documentation reflecting this purchase is attached hereto as Exhibit 31. The Purchased Product is a set of O.E. Performance 136B wheels that were manufactured, sold, and/or imported into the United States, by the Defendants.

39. All automobile wheels purchased and received from Defendants were inspected to verify that they are not genuine products manufactured or authorized by Daimler, its subsidiaries, or licensees. The inspection of the purchased items confirmed that the items Defendants advertised and sold were, in fact, counterfeit Daimler products infringing upon the DAIMLER Patents.

40. By the sale of the Purchased Product, Defendants violated and continue to violate Daimler's exclusive rights in its patented automobile wheels. Defendants' infringing conduct as alleged herein started following the grant of the DAIMLER Patents.

41. The O.E. Performance 136B wheel embodies the design of the 'D823 Patent, as demonstrated by photographs of the Purchased Product attached hereto as Exhibit 32, as well as the corresponding picture in the ATD catalog (*see* Ex. 10) and the pictures on the corresponding third party retailers' webpages (*see* Ex. 12).

42. The O.E. Performance 136C and O.E. Performance 136H wheels also embody the design of the 'D823 Patent, as demonstrated by the corresponding picture in the ATD catalog (*see* Ex. 10) and pictures on the corresponding third party retailers' webpages (*see* Exs. 23-24).

43.     The O.E. Performance 128H and O.E. Performance 128C wheels embody the design of the 'D776 Patent, as demonstrated by the corresponding pictures in the ATD catalog (*see* Ex .10) and pictures on corresponding third party retailers' webpages (*see* Exs. 25-30).

44.     Based on the direct webpages of third party retailers' websites that offer and sell the Accused Products,  Defendants have provided and/or continue to provide the Accused Products to entities that they know or have reason to know are using, in association with the Accused Products, marks that are confusingly similar to, identical to, and/or constitute counterfeit reproductions of, the DAIMLER Marks.

45.     Based on the ATD Catalog and the direct webpages of third party retailers' websites that  advertise the Accused Products, and the Purchased Product,  Defendants are manufacturing, offering for sale, selling, and/or importing in the U.S., unauthorized products that bear a substantially similar design to one of the DAIMLER Patents.

46.     Defendants' conduct as alleged herein began long after Daimler's adoption and use of the DAIMLER Marks and DAIMLER Patents, after Daimler obtained the trademark and patent registrations alleged above, and after the DAIMLER Marks became famous.

47.     Pursuant to 35 U.S.C. § 287, this Complaint provides the Defendants with actual notice of the DAIMLER Patents.

48.     Defendants have actual knowledge of Daimler's use of and rights in the DAIMLER Marks and/or DAIMLER Patents.

49.     Defendants are willfully infringing upon Daimler's rights in the DAIMLER Marks, in order to capitalize upon and profit from Daimler's reputation and goodwill by manufacturing, advertising, selling, and/or importing into the U.S. the Accused Products, and/or by intentionally inducing such acts by others.

19

50. Defendants' conduct as alleged herein has been willful, wanton, and in bad faith, and with the intent to dilute the DAIMLER Marks, and to cause confusion and mistake, and to deceive the consuming public and the public at large as to the course, sponsorship and/or affiliation of Defendants, and/or Defendants' counterfeit and unauthorized goods. By their wrongful conduct, Defendants have traded upon and diminished Daimler's goodwill.

51. As a result of the Defendants' unlawful infringing activities, Daimler has suffered irreparable harm, and, unless Defendants are enjoined by this Court, will continue to suffer irreparable harm for which there is no adequate remedy at law.

52. Neither Daimler nor any authorized agent of Daimler's has consented to Defendants' use of the DAIMLER Marks or the DAIMLER Patents in the manner alleged herein.

53. Daimler lacks any control over the wheels that are manufactured, reproduced, offered for sale, sold and distributed by or on behalf of Defendants in association with the DAIMLER Marks. Accordingly, Daimler has no control over the quality of such wheels, and whether such wheels have the potential to cause great physical injury to persons who drive automobiles utilizing such parts and to other persons and property nearby.

54. Defendants' conduct as alleged herein has been willful, wanton, and in bad faith, and with the intent to deceive the consuming public and the public at large as to Defendants' unauthorized goods. By their wrongful conduct, Defendants have traded upon and diminished Daimler's goodwill.

55. As a result of the actions alleged herein, Defendants have unfairly profited from their infringement of the DAIMLER Patents and from their contribution to the infringement of

20

the DAIMLER Marks. Unless enjoined, Defendants will continue to cause irreparable harm to Daimler.

## COUNT I
## Design Patent Infringement
**(35 U.S.C. §§ 1 _et seq._)**

56.     Daimler realleges and incorporates herein by reference the allegations set forth above.

57.     Defendants are manufacturing, offering for sale, selling, and/or importing into the United States, wheels that copy the DAIMLER Patents.

58.     Defendants' actions as alleged herein constitute design patent infringement in violation of Daimler's exclusive rights under 35 U.S.C. § 171 _et seq_.

59.     As a direct and proximate result of Defendants' conduct as alleged herein, Daimler has suffered and will continue to suffer damage to its rights in the DAIMLER Patents, business, goodwill, reputation and profits, while Defendants profit at Daimler's expense.

60.     Defendants' infringement of the DAIMLER Patents is and has been willful. Accordingly, Daimler is entitled to its monetary damages, in an amount to be proven at trial, an award of treble damages, and its reasonable attorneys' fees and costs.

61.     Daimler has suffered irreparable harm and has no adequate remedy at law from the harm caused by Defendants' infringement as alleged herein. Unless Defendants are permanently enjoined by the Court, Daimler will continue to suffer irreparable harm.

62.     Each and every separate act of federal patent infringement by Defendants constitutes a separate claim herewith.

Case 3:16-cv-00167-FDW-DCK   Document 1   Filed 04/11/16   Page 21 of 26

## COUNT II
## Federal Trademark Infringement and Counterfeiting
### (Lanham Act Sections 32(1) & 35, 15 U.S.C. §§ 1114(1) and 1117)

63.     Daimler realleges and incorporates herein by reference the allegations set forth above.

64.     The use of the DAIMLER Marks on third party retailers' websites in connection with the Accused Products is likely to cause confusion, cause mistake, or deceive customers as to the source or sponsorship of the Accused Products.

65.     Defendants are supplying the Accused Products to entities that they know or have reason to know are, through the advertisement and/or sale of those products, infringing the registered DAIMLER Marks such that Defendants' actions constitute contributory infringement of the registered DAIMLER Marks.

66.     Defendants' conduct as alleged herein has been deliberate, willful, and intentional, with full knowledge and in conscious disregard of Daimler's rights in the registered DAIMLER Marks with intent to trade off Daimler's vast goodwill in its marks.

67.     As a direct and proximate result of Defendants' conduct as alleged herein, Daimler has suffered and will continue to suffer damage to its business, goodwill, reputation and profits, while Defendants profit at its expense.

68.     The continued and knowing distribution of the Accused Products to parties that Defendants know or have reason to know are infringing the registered DAIMLER Marks constitutes contributory infringement of Daimler's federally registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, and infringement of Daimler's common law trademark rights.

Case 3:16-cv-00167-FDW-DCK   Document 1   Filed 04/11/16   Page 22 of 26

69.     Each and every separate act of federal and common law trademark infringement to which Defendants contributed constitutes a separate claim herein.

**COUNT III**
**TRADEMARK DILUTION**
**(Lanham Act Section 43(c), 15 U.S.C. § 1125(c))**

70.     Daimler realleges and incorporates by reference the allegations set forth above.

71.     The DAIMLER Marks are distinctive and famous, and have been since prior to Defendants' unauthorized uses thereof.

72.     The DAIMLER Marks have powerful consumer associations such that even non-competing uses can impinge on their value.

73.     The use of the DAIMLER Marks on third party retailers' websites to advertise, offer for sale, and/or sell the Accused Products as alleged herein has diluted the distinctive quality of the DAIMLER Marks in violation of 15 U.S.C. § 1125(c). Defendants have manufactured and supplied, and continue to manufacture and supply, the Accused Products to the third party retailers, despite knowing or having reason to know of such use.

74.     Defendants' conduct as alleged herein has caused and will continue to cause Daimler irreparable harm.  Daimler has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless enjoined by this Court.

75.     Each and every separate act of trademark dilution to which Defendants contributed constitutes a separate claim herein.

## PRAYER FOR RELIEF

WHEREFORE, Daimler prays for the following relief:

1.     Entry of a judgment that Defendants have directly infringed, and/or induced infringement of the DAIMLER Patents;

2.     Grant of a permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parent entities, subsidiaries, divisions, successors and assigns from further acts of infringement of the DAIMLER Patents;

3.     Entry of a judgment awarding Daimler all damages adequate to compensate for Defendants' infringement of each of the DAIMLER Patents in an amount to be proven at trial, and in no event less than a reasonable royalty for Defendants' acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

4.     Entry of a judgment awarding Daimler damages sustained as a consequence of Defendants' misconduct, as described herein, in accordance with 35 U.S.C. § 284 or § 289, as appropriate, including Defendants' total profits on sales of products in which a component infringes one or more of the DAIMLER Patents, consistent with 35 U.S.C. § 289;

5.     Entry of a judgment that this is an exceptional case and an award to Daimler of its costs and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285;

6. Entry of a judgment that Defendants are liable for contributing to infringement of the DAIMLER Marks in commerce in violation of Daimler's rights under 15 U.S.C. § 1114(1) and under the common law.

7. Entry of a judgment that Defendants' activities are likely to, or have, contributed to the dilution of the famous DAIMLER Marks in violation of Daimler's rights under 15 U.S.C. § 1125(c);

8. Entry of an order directing Defendants to provide to Daimler for destruction any and all unlawful products or materials, and to compensate Daimler for any and all advertising or other expenses necessary to dispel the public confusion caused by Defendants' unlawful acts;

9. Entry of a judgment against Defendants for monetary damages in an amount to be proven at trial, including but not limited to, all amounts necessary to compensate Daimler for Defendants' contribution to the wrongful use of the DAIMLER Marks, including reasonable attorneys' fees and costs;

10. Alternatively, instead of actual profits and damages as prayed for in the foregoing paragraph, entry of a judgment awarding Daimler statutory damages of $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, pursuant to 15 U.S.C. § 1117(c); which, given Defendants' use of counterfeits of at least 3 distinct registered trademarks owned by Daimler, as further alleged herein, amounts to statutory damages at least as high as $6,000,000; and

11. Such other relief as this Court deems just and proper.

This the 11th day of April, 2016.

/s/ Amiel J. Rossabi
North Carolina State Bar No. 16984
/s/ Gavin J. Reardon
North Carolina State Bar No. 21258
ROSSABI BLACK SLAUGHTER, PA
3623 North Elm Street, Suite 200
Greensboro, North Carolina  27455
Telephone:  (336) 378-1899
Facsimile:   (336) 378-1850
Email:  arossabi@lawfirmrbs.com
            greardon@lawfirmrbs.com

/s/ Shauna M. Wertheim
*Pro Hac Vice Pending*
/s/ Timothy W. Johnson
*Pro Hac Vice Pending*
/s/ Joanna L. Cohn
*Pro Hac Vice Pending*
THE MARBURY LAW GROUP, PLLC
11800 Sunrise Valley Drive, 15th Floor
Reston, Virginia  20191
Telephone:  (703) 391-2900
Facsimile:   (703) 391-2901
Email:  swertheim@marburylaw.com
            tjohnson@marburylaw.com
            jcohn@marburylaw.com

26